NEIL O'MARR and Others, Plaintiffs, v. BRIDGET BELLE McLEAN and Others, Defendants.

Supreme Court, Erie County, January 19, 1928.

**Liens — equitable lien — complaint alleges plaintiffs, in belief that they were owners of premises, made valuable permanent improvements thereon and that defendants withheld will from plaintiffs' knowledge — complaint sufficient.**

In this action to establish an equitable lien in favor of the plaintiffs on premises, the complaint should not be dismissed, where it alleges that plaintiffs, in the belief that they were owners of the premises, made certain valuable and permanent improvements thereon, for whether there have been valuable and permanent improvements made, constitutes a question of fact. Furthermore, if proof is made of the allegation that defendants withheld a will from plaintiffs' knowledge for eighteen years, while defendants well knew plaintiffs were making such improvements in good faith, with the belief of ownership, then the plaintiffs would be entitled to equitable relief, to the extent, at least, of impressing upon said premises a lien in favor of plaintiffs for the value of such improvements as were made.

APPLICATION made under rule 106 of the Rules of Civil Practice to dismiss the complaint herein, on the ground that the facts stated are not sufficient to constitute a cause of action.

*John L. Heider*, for the plaintiffs.

*Rann, Vaughan, Brown & Sturtevant* [*William S. Rann* of counsel], for the defendants.

HARRIS, J.   All of the parties to this action are related to each other, the defendant Michael O'Marr and Catherine O'Marr being the father and mother of the plaintiffs and the father and mother of certain defendants, and the grandparents of other defendants. The action is brought to establish an equitable lien in favor of the plaintiffs on certain premises described in the complaint.

The allegations of the complaint, in brief, are to the effect that the plaintiffs and their parents had resided with one Sarah O'Marr, grandmother of the plaintiffs, in the premises, and that during such residence, on the promise of said Sarah O'Marr to devise such premises to the defendants Michael and Catherine O'Marr and to the plaintiffs, the plaintiffs contributed to the support of the said Sarah O'Marr; that the said Sarah O'Marr departed this life on or about the 5th day of September, 1906, and that the plaintiffs and their parents continued in possession of such premises, and that thereafter, in the belief that they were owners of said premises, the plaintiffs made certain valuable, permanent improvements upon said premises, which improvements are set forth in detail in the

complaint, and included the building of a double garage, substantial additions to the house and the installation of electric wiring and gas. The complaint further alleges that the defendants had knowledge of the belief of the plaintiffs of ownership in such premises, and that one of the defendants, Bridget McLean, had in her possession the last will and testament of the said Sarah O'Marr, but that there was withheld by the defendants from plaintiffs' knowledge the existence of such last will and testament, and that such last will and testament was withheld from public record, probate and the knowledge of the plaintiffs for a period of eighteen years after the death of the said Sarah O'Marr, during all of which time the plaintiffs were and had been making permanent improvements to the premises.

This present attack on the complaint should not succeed, because I am of the opinion that whether there have been made valuable and permanent improvements constitutes a question of fact, and if such proof is made and further proof is made of the withholding of such will from the knowledge of the plaintiffs while the defendants so withholding such will knew that the plaintiffs were making such improvements in good faith with the belief of ownership, then the plaintiffs would be entitled to equitable relief from this court to the extent at least of impressing on such premises a lien in favor of the plaintiffs for the value of such permanent improvements as were made by the plaintiffs, to the gain of the defendants on coming into possession of the premises in accordance with the provisions of such last will and testament of Sarah O'Marr. Therefore, the motion to dismiss should be denied, and an order in accordance with this may be prepared and presented to me for signature.